■ In the Matter of LOUISIANA HOSPITAL SERVICE, INC., Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Orders, entered on

November 8, 1963 and December 3, 1963, unanimously modified on the law so as to direct the production of all investigative reports and memoranda of Adrian Cornell and Joseph H. Clune relating to claims for services performed by Garrett's Hospital and submitted to Metropolitan Life Insurance Company, such reports to be marked as exhibits and used upon the deposition pursuant to 3111 of the Civil Practice Law and Rules (CPLR 3101; see La. Code of Civ. Pro., art. 1436). The witness Cornell was properly served (CPLR 3102, subd. [a]), and there is no appeal from the direction that he appear for examination. It should be noted that Cornell and Clune are not parties to the Louisiana action. Nor is Metropolitan Life Insurance Company, which was served only with a subpœna duces tecum, a party to the action. However, that fact will not prevent disclosure (CPLR 3102, subd. [c]; 3111) where it is not shown that "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice" will result (CPLR 3103). Nor is it essential it be shown that the documents are admissible in evidence (*Matter of Roberts*, 214 App. Div. 271, 275; La. Code of Civ. Pro., art. 1436). The orders appealed from are further modified to strike the direction to Metropolitan Life Insurance Company to produce its employee, Joseph H. Clune, who was not served personally with a subpœna (CPLR 3106, subd. [b]; La. Code of Civ. Pro., art. 1431; and see, generally, Depositions and Discovery, La. Code of Civ. Pro., art. 1421 *et seq.*). The objection to nonrecital of certain papers in the resettled order which only changed a date, is without merit. As so modified the orders appealed from are otherwise affirmed, without costs to either party. Settle order on notice. Concur — Botein, P. J., Valente, Stevens, Eager and Steuer, JJ.